United States District Court
Central District of California

UNITED STATES OF AMERICA vs.                    Docket No. SACR98-143(A)-5-GLT
Defendant   FRANCISCO VILLAREAL                  Social Security No. ▓▓▓▓▓▓
 akas: Angel Cancino Esparza, Francisco Menchaca, Francisco Villareal
Menchaca, Francisco Villarreal Menchaca, Francisco Villalreal, Frank
Villareal, "Crow"
 & Residence ▓▓▓▓▓▓▓▓▓▓▓▓▓▓        Mailing Address: Santa Ana City Jail
Address    Santa Ana, CA ▓▓▓▓        62 Civic Center Plaza
                                     Santa Ana, CA 92701

---

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person,
on this date:  May 3, 2000
              Month / Day / Year

**ENTERED**
MAY 15 2000
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA OFFICE
BY _____ DEPUTY

COUNSEL:    XX  WITH COUNSEL   Michael Meza, appointed
                              (Name of Counsel)

PLEA:       XX  GUILTY, and the Court being satisfied that there is a factual
            basis for the plea.  ___ NOLO CONTENDERE  ___ NOT GUILTY

FINDING:    There being a finding of GUILTY, defendant has been convicted
            as charged of the offense(s) of: Conspiracy to Possess with the Intent to Distribute
Methamphetamine, Cocaine and Heroin, in violation of 21 USC 846, as charged in Count One of the
First Superseding Indictment.

JUDGMENT AND PROBATION/COMMITMENT ORDER:
       The Court asked whether defendant had anything to say why judgment should not be pronounced.
Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged
the defendant guilty as charged and convicted and ordered that:
It is ordered that the defendant shall pay to the United States a special
assessment of $100, which is due immediately to the Clerk of the Court.
Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is
found that the defendant does not have the ability to pay a fine.
Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the
Court that the defendant, Francisco Villareal, is hereby committed on Count
1 of the First Superseding Indictment to the custody of the Bureau of Prisons
to be imprisoned for a term of 189 months. Pursuant to Guideline Section
5G1.3(b), this term shall run concurrent with any undischarged term of
imprisonment currently being served by the defendant in connection with his
convictions in Orange County Superior Court, Case Nos. 96WF2347, 97CF1036,
and 98CF3084.
Upon release from imprisonment, the defendant shall be placed on supervised
release for a term of five years under the following terms and conditions:
1. The defendant shall comply with the rules and regulations of the
U. S. Probation Office and General Order 318; 2. The defendant shall
participate in outpatient substance abuse treatment and submit to drug and
alcohol testing, as instructed by the Probation Officer. The defendant shall

United States District Court
Central District of California

UNITED STATES OF AMERICA          Docket No. SACR98-143(A)-5-GLT
                vs

Defendant FRANCISCO VILLAREAL          DATE: MAY 3, 2000

JUDGMENT AND PROBATION/COMMITMENT ORDER

continued from page 1

abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision; 3. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency to the aftercare contractor during the period of community supervision, pursuant to 18 USC 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer; 4. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's order pertaining to such payment; 5. The defendant shall comply with the rules and regulations of the Immigration and Naturalization Service (INS), and if deported from this country, either voluntarily or involuntarily, not re-enter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any re-entry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the U. S. Probation Office, located at United States Court House, 411 West Fourth Street, Suite 4170, Santa Ana, California 92701-4516; 6. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; further, the defendant shall not use, for any purpose or in any manner, any name other than his true legal name.
The Court recommends incarceration in the Southern California area.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by: District Judge _____ Dated: 5/10/00
                            Gary L. Taylor

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                                Sherri R. Carter, Clerk
Dated/Filed  5/10/00
            Month / Day / Year                  By_____
                                                K.G. Peterson, Deputy Clerk

page two of three pages

AO 245B (3/95) Sheet 6 - Statement of Reasons

Judgment -- Page _____ of _____

**DEFENDANT: FRANCISCO VILLAREAL**
**CASE NO: SA CR 98-143-GLT**

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

    Total Offense Level: __33__

    Criminal History Category: __III__

    Imprisonment Range: __168__ to __210__ months.

    Supervised Release Range: __5__ years.

    Fine Range: $ __17,500__ to $ __4 million__

        ☒ *Fine is waived or is below the guideline range, because of inability to pay.*

    Total Amount of Restitution: $ _____

        ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

        ☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

        ☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range:
    ☐ upon motion of the government, as a result of defendant's substantial assistance.
    ☐ for the following reason(s):